NO. 07-03-0009-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 31, 2004



______________________________




JASON MARK JOHNSON, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B 14310-0201; HON. ED SELF, PRESIDING



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

MEMORANDUM OPINION


 On May 28, 2002, upon his guilty plea and the receipt of testimony, appellant Jason
Mark Johnson was found guilty of the offense of possession of methamphetamine, a
controlled substance. Pursuant to a plea bargain, the trial court deferred adjudication of
the offense, placed appellant under community supervision for a period of one year, and
assessed a fine of $500. On November 19, 2002, the trial court adjudicated appellant's
guilt and sentenced him to serve one and one-half years confinement in the State Jail
Division of the Texas Department of Criminal Justice. Appellant gave timely notice of
appeal.

 Appellant's attorney has now filed an Anders brief with this court in which he states
he has thoroughly examined the trial record and determined the appeal is without merit. 
See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). In the brief, counsel discusses two points
on appeal and concludes that neither of the points present reversible error. We have also
been furnished with a copy of his letter to appellant forwarding a copy of the brief and
advising appellant of his right to file a pro se brief. Counsel has additionally requested that
he be permitted to withdraw. Neither appellant nor the State has filed a brief.

 Before allowing counsel to withdraw, we must first satisfy ourselves that the attorney
has provided the client with a diligent and thorough search of the record for any arguable
claim that might support the client's appeal, and then we must determine whether counsel
has properly concluded that the appeal is frivolous. See McCoy v. Court of Appeals of
Wisconsin, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). Counsel lists his
two arguable points as: (1) whether there is legally and factually sufficient evidence for the
trial court to find appellant violated the terms and conditions of his community supervision;
and 2) whether the confusion over the range of punishment and the degree of felony of the
offense constitutes reversible error.

 We have made an independent examination of the record, including appellant's
written stipulation that the allegations contained in the application to revoke his community
supervision "are true and correct." See Penson v. Ohio, 488 U.S.75, 82-83, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
We have found no grounds for reversal and agree with counsel that the appeal is without
merit and is frivolous. Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974).

 Accordingly, counsel's request to withdraw is granted and the judgment of the trial
court is affirmed. 

 John T. Boyd

 Senior Justice


Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).